THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ARMANDO FIERRO-PONCE,<br><br>    Defendant. | CASE NO. CR20-0092-JCC-12<br><br>ORDER |

This matter comes before the Court on Defendant Fierro-Ponce's motion for revocation of his detention order (Dkt. No. 522). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  BACKGROUND

In July 2020, a grand jury indicted Mr. Fierro-Ponce and his co-defendants with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a), and 846. (Dkt. No. 1.) In October 2020, Magistrate Judge Tsuchida ordered Mr. Fierro-Ponce detained pending trial. (Dkt. No. 303.) In April 2021, Magistrate Judge Peterson continued detention. (Dkt. No. 393.) Trial is scheduled for October 2021. (Dkt. No. 490.)

Mr. Fierro-Ponce moved to reopen detention based on what he described as new information, namely, that a friend could act as a third-party custodian and house him, and that a

former employer was willing to rehire him. (Dkt. No. 515.) Judge Tsuchida denied the motion, finding this development insufficient to overcome the presumption that Mr. Fierro-Ponce is a danger to the community and a flight risk. (Dkt. No. 517 at 1.) Mr. Fierro-Ponce now moves to revoke that detention order (*See generally* Dkt. No. 522.)

## II. DISCUSSION

### A. Legal Standard

A district court reviews *de novo* a magistrate judge's order for pre-trial detention. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). Such detention determinations are governed by the Bail Reform Act, 18 U.S.C. § 3142. Pre-trial detention is appropriate where the Government proves, by clear and convincing evidence, that the defendant presents a danger to the community or, by a preponderance of the evidence, that the defendant poses a flight risk. 18 U.S.C. § 3142(e)(1); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). To determine whether conditions of release may sufficiently assure both the defendant's appearance and public safety, the Court considers four factors:

1) The nature and circumstances of the offense charged, including, among other things, whether the offense is a crime of violence or involves a controlled substance;

2) The weight of the evidence;

3) The history and characteristics of the defendant, including his or her character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, and any failures to appear for court proceedings; and

4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). In addition, because Mr. Fierro-Ponce was charged with a felony offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, there is a rebuttable presumption in favor of his detention. 18 U.S.C. § 3142(e)(2)(A).

**B.      18 U.S.C. § 3142(g) Factors**

     1.     <u>Nature and Circumstances of the Offense</u>

Mr. Fierro-Ponce's alleged conduct was very serious. According to the Government, he was involved in a sophisticated drug trafficking conspiracy. (*See generally* Dkt. No. 1) During the investigation, federal agents seized more than 140 pounds of methamphetamine. (Dkt. No. 79 at 2.) Communications revealed members of the drug trafficking conspiracy's propensity for violence, including kidnapping plots and intimidation using violence and firearms. (*Id.*) The Government avers that evidence indicates Mr. Fierro-Ponce possessed at least one gun while engaging in drug trafficking. (Dkt. No. 79 at 13.) In sum, the Government alleges that Mr. Fierro-Ponce was involved in violent criminal conduct, which is a threat to community safety.

     2.     <u>Weight of the Evidence</u>

The weight of the evidence is generally the least important factor in the Court's analysis. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Even so, there is considerable evidence against Mr. Fierro-Ponce. The Government possesses months of wiretap recordings and electronic communications of the defendants discussing the conspiracy, as well as hundreds of hours of surveillance. (*See generally* Dkt. No. 79.) On one occasion, agents saw Mr. Fierro-Ponce meet with two other males, and later observed Mr. Fierro-Ponce tell another co-conspirator the police were following him. (*Id.* at 13.) The weight of the evidence against Mr. Fierro-Ponce reinforces the high degree of danger he presents to the community.

     3.     <u>Mr. Fierro-Ponce's History and Characteristics</u>

Mr. Fierro-Ponce has been charged with theft six times, as well as harassment, assault, and refusing to comply. (Dkt. No. 293.) Also, when police arrested Mr. Fierro-Ponce in October 2020, he had six pending warrants in various jurisdictions. (*Id.*) Further, Mr. Fierro-Ponce has repeatedly failed to appear for past criminal charges. (*Id.*) In this instance, Mr. Fierro-Ponce was not arrested until October 2020—three months after the indictment became public and many of his conspirators were arrested. (Dkt. No. 524 at 11.) When police first apprehended Mr. Fierro-

ORDER
CR20-0092-JCC-12
PAGE - 3

Ponce, he gave the police a false name and promised he was telling the truth. (*Id.* at 11.) The police found a small bag of suspected methamphetamine in Mr. Fierro-Ponce's wallet. (*Id.*) His history and characteristics show that Mr. Fierro-Ponce is a risk of nonappearance.

    4.    <u>Nature and Seriousness of Danger to the Community</u>

The nature of the danger posed to the community if Mr. Fierro-Ponce were to be released pending trial is substantial. Evidence suggests Mr. Fierro-Ponce used at least one gun during his drug-trafficking activities. (Dkt. No. 79 at 13.) The regularity of Mr. Fierro-Ponce's drug use and his belief that he does not have a drug problem also weighs against finding that he would not be a danger to the community upon release. (Dkt. No. 293 at 2.) While his longtime friend's willingness to act as a third-party custodian and his former employer's willingness to rehire him are positive factors, these developments do not adequately assure the Court that Mr. Fierro-Ponce would not reengage with drugs or harm the community upon his release.

### III. CONCLUSION

For the foregoing reasons, Mr. Fierro-Ponce's motion for revocation of his detention order (Dkt. No. 522) is DENIED.

DATED this 19th day of July 2021.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE